■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YANG QUAN ZHANG, Appellant. [700 NYS2d 832] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered December 23, 1996, convicting defendant, after a jury trial, of criminal contempt in the first degree, and sentencing him to a term of 1⅓ to 4 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People correctly concede, a new trial is required because a deliberating juror was replaced with an alternate without defendant's written consent, in violation of CPL 270.35 (1). Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS BETANCES, Appellant. [700 NYS2d 829] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered March 25, 1997, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first degree, and sentencing him to concurrent terms of 6 to 18 years, unanimously affirmed.

Defendant failed to preserve his contention that an eyewitness's in-court identification should have been precluded due to the prosecution's failure to provide proper notice under CPL 710.30 (1) (b) of a prior lineup identification and we decline to review it in the interest of justice. Were we to review this claim, we would find that the admission of the identification was harmless in light of the overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.